Good morning, Your Honors. My name is Lee Schroep, and I represent the appellant Craig Ralston in this matter. Mr. Ralston was indicted in a two-count indictment. The second count was for transportation of an individual for purposes of engaging in an illegal sexual encounter. The alleged victim in count two was not a minor at the time of the alleged events, and the alleged events ended no later than October 31, 2008. This indictment, however, wasn't returned for over seven years. The initial indictment date was November 3, 2015. Counsel, however, failed to raise a statute of limitations defense under 18 U.S.C. 3282, which sets a five-year statute of limitations. While it is rare to address claims of ineffective assistance of counsel on direct appeal, when it's a purely legal question and you can look at the record to determine it, this Court has recognized that it's an appropriate time to raise it. This is one such case because there could be no reason for failing to raise a statute of limitations defense. It would have completely barred prosecution for count two. We assume that the government will continue to argue, as it did in its briefs, that the unlimited statute of limitations in 18 U.S.C. 3299 applies. This argument is misplaced, however, for several reasons. First, when looking at the statutory context, which the United States Supreme Court has said were permitted to do in Davis v. Michigan Department of Treasury, it is clear that 3299's unlimited statute of limitations only apply to cases involving minors. You can tell this first by the name of the entire act, which was the Adam Walsh Child Protection Act. You can also tell this by just looking at the first paragraph of the act, which says its purpose was to protect children from sexual exploitation and violent crime, prevent child abuse and child pornography, promote Internet safety, and to honor the memory of Adam Walsh and other child victims. Second, the only way to read 3282 and 3299 so that they don't conflict, as this court has recognized we're supposed to do, is to read 3299 as only applying to cases involving minors. Well, just to go to 3299, it says section 1201 involving a minor victim, comma, and then it says for any felony under various chapters and sections. And so if what you're saying is right, why would they specify minor victim for one of the crimes but not minor victims for any of the other crimes? And the government makes that argument as the rule of the last antecedent. And while that is a way to look at the statutes, the clear direction of the Supreme Court and this court is if all the statutory context and to read these statutes so that they don't conflict with others show that it has a different meaning, that that's the way you should interpret it. And so everything else points to the fact that 3299 only applies to minors. Do you agree, then, that as a matter of plain language, looking at 3299 in isolation, that that statute does not support your position? The only way we get to your position is by looking at what you were citing earlier, I guess, was the preamble or the statement of purpose and some of the other provisions in the statute. No, I believe it's a poorly worded statute and I can see where the confusion would arise. But just because it said as minors, so okay, for kidnappings they're making clear, it doesn't say, and this applies for the other statutes, it applies to absolutely everything. And I think Congress saw both how it was enacted and the fact that, for example, Chapter 109A offenses are listed not with that minor part. The 3282 provides very specific instructions about Chapter 109A offenses about how that statute of limitations can become a little bit longer if you don't know where the DNA is from. If that, if 3299 meant that there was an unlimited statute of limitations for all 109A offenses, then you wouldn't need that part of 3282 at all, referencing. On your purpose point, and I heard you mention this, I hadn't looked at this particular point, but you mentioned Internet safety. And it seems to me that the fact that the victim could be a minor has nothing to do with Internet safety. I mean, and so I realize it's the Adam Walsh Child Protection Act, but it seems like even the purposes that you're talking about are broader than you suggest, maybe. Well, it's like to prevent child pornography and Internet safety, I think those almost go together. I mean, child pornography is often on Internet and children are, people prey on children a lot on the Internet. And so the general purpose was to protect kids. I mean, this is also, that Adam Walsh Protection Act also changed sexual registration requirements if you've been a child predator. The whole purpose of the act was to protect children. And that's another indicia. It makes sense to extend the statute of limitations when a minor's involved. A minor's often been a victim of someone that has a lot of authority over them. So the same reasoning doesn't apply when an adult's a victim. They have more authority, they have more ability to go report this within the statute of limitations. And the title of 3299 even says it applies to child abduction and sex offenses. It doesn't say child abduction and all sex offenses. It says child abduction and sex offenses. Do you know whether that actually is part of the public law or the act itself? Some of these, I found that, and we did research on this on another case, that some of these titles actually appear in the public law and some of them are actually added by the equivalent of the reviser of statutes for the U.S. Code. I'm wondering if you know whether that appears. I do not. Okay, thank you. We've looked extensively. I don't think this argument has been raised very often that I could find in at least published opinions. The Southern District of California in United States v. Pittman made reference to this and did say that 3299 is the statute of limitations when a minor's involved. We believe that they had that correct. We also think the failure to raise this affected the entire case because in this case, if the second count had been removed, there's a serious question whether they could have admitted any of the alleged adult rapes in a child molestation case. But even if they could have admitted under 413 the allegations in count two, it would have made the allegations of what happened in India, which I'll get to if I have time, so far removed because that was complete hearsay. They never came to testify that 403 would have required that that not be admitted and in trial. And it also affected the sentencing guidelines. I believe it added at least two points to Mr. Ralston's offense, which changed his applicable guideline range. And the court was able to consider this under 3553 as a conviction when forming the appropriate sentence. So while count one was not barred by the statute of limitations, we believe the failure to raise the statute of limitations for count two affected the entire case. There's no more questions on the statute of limitations. I was going to jump around a little and go to the error that I was just referring to, allowing Mr. Ralston's ex-wife to testify regarding what she claims happened in India. There were two, Mr. Ralston and his wife at the time lived in India, and Ms. Ralston, who had just gone through a very bitter divorce with Mr. Ralston, claimed that the housekeeper in India claimed that he raped her and that he touched her daughter. These people from India were never brought to the United States to testify, and Mr. Ralston was never given a chance to cross-examine them in any way. The trial court did say it was limiting this only for alleged omissions made by him, but that's not what ended up happening. The government ended up introducing it as if it were true, arguing it as if it were true, and it was repeatedly. For example, on page 463, I discovered that while I was gone, he had raped S four times. It wasn't he said that he or he admitted. I mean, she's saying that as if it was true. The government asked the question on 466. This is now really the second or third incident that you know of when your husband has sexually assaulted someone. This is a separate ineffective claim, correct? Well, he objected to this. So to the extent that counsel should have kept objecting, we do allege it was ineffective, but he objected to the India incidences coming in at all. And so we think that that was error to the extent that once the government started to ignore the court's ruling, he should have done something more. Yes, we think he was ineffective, and we think it's apparent from the record he didn't want this in. No one would want this in in a trial, and he tried to keep it out. And the government started to completely – Might there have been a strategic reason for not making a – kind of keep raising it? Well, he could have asked the court for a continuing objection. But there could be no reasonable strategic reason to let the jury hear this as if it were true, that he raped this lady in India, and he's never been permitted to confront those. Did the court limit the use with instruction? The court gave an instruction saying it was limiting the use, but then it permitted the government to go outside of that instruction and argue it. Even in closing, the government argued as if it were true. In the closing, I think it was page 726, they argue things you know because of his past actions with this person. They weren't just arguing his admissions, which is what it was supposed to be limited to. They were arguing it as if it were true. And the way the government was asking questions was eliciting responses as if it were true, which is in violation of the confrontation clause. Just because they didn't say, what did S say to you, they were asking questions in such a way that they knew that she was going to have to respond with what S had said. And the Fifth Circuit in the United States v. Kizzee, that that can violate the confrontation clause. What did the Sixth Circuit say? The Fifth Circuit, the prosecution in the United States v. Kizzee, it says the prosecution can ask questions in such a way that it knows it's going to elicit responses that reveal what the out-of-court declarant said, such that it violates the confrontation clause. And the government repeatedly did this as it related to the India incident, alleged incidents in India. But I thought, what did the defendant admit, according to the witnesses? According to the witness, the defendant admitted that whatever the housekeeper had said, that he had inappropriate contact with her. So then what's your objection to the housekeeper test hearsay? I mean, the housekeeper information was just admitted by the defendant, so it all comes in as an admission. But what the court specifically ruled is that he said this could, but that you can't argue it as if it was true. And that's what the government repeatedly did and repeatedly had the witness ask questions in such a way that the witness would respond as if it were true. And that was the clear ruling because he's never been able to confront these witnesses. They've never been brought. I understand that. It's just if he admitted that what she said was true, then what's the objection to our questions? Well, because to not be able to confront when it's repeatedly said, well, he did this. Not just you, you're an angry, angry ex-wife, are claiming he admitted this. Now you're going one step further and not saying you're very angry with him and we get that, but this is your claim, you're now saying as if it's true. She rephrased it. I see. All right. And very briefly, I would like to touch on admitting the preliminary hearing testimony of J.W. J.W. is not one of the alleged victims in this case, and she ended up not coming to testify. There was no showing that she was unavailable. I think the statement was she was having some preterm contractions, but when the FBI went to see her, she didn't want to come. It wasn't that the doctors told her she couldn't come. She didn't send a family member to tell the court why she couldn't come. So there was no real showing she was unavailable. And then the court allowed the introduction of her preliminary hearing testimony, which again violated Mr. Ralston's right to confront these witnesses because at the preliminary hearing, she wasn't one of the named witnesses. His motivation at the preliminary hearing wasn't the same. She references a journal that he never had access to and could never cross-examine her on in the preliminary hearing because she never came to testify. Can I back up a second, though? On the unavailability point, I have a note here that says that at trial, your client conceded that J.W. was unavailable due to pregnancy complications. Is that true? At trial, my client's counsel conceded, which we do allege then would have been ineffective. I see. He can't waive my client's right to confront the witnesses. I mean, that's one of our fundamental rights that clients get to decide. That's why I didn't plea colloquy. That's one of the Boykin rights we have to list because that's such a fundamental right. So, yes, counsel did make some sort of concession to that effect, but our client never waived his right, and the counsel never conceded that the preliminary hearing testimony should have come in, which is also an error. And if it's okay, I'll reserve the remaining one minute of my time. Thank you, Ms. Shrew. Ms. Miller? Good morning, Your Honors. May it please the Court, Ami Miller for the government. I'd like to first go to the last issue that was just brought up with the preliminary hearing transcript. I think the first issue is unavailability, and I think it's very clear looking at the transcript that the defendant did not contest the unavailability of the witness in this case. The district court judge, prior to admitting those for unavailability, questioned both the government and the defense attorney at that time, and the court said, is there any dispute? You haven't provided any medical evidence of her infirmity. And at that time, the trial counsel said, I'm not clear which infirmity, Your Honor. The court said the pregnancy. Trial counsel then said, oh, no, not at all. The district court said that she's not medically able to be here. And trial counsel said, yes, we're not disputing that at all. And it was after that that the district court said, okay, technically I think I ought to have something in the record to show that if it gets disputed. And trial counsel answered, absolutely. And they brought up the ineffective assistance of counsel, which I do not think the record has been fully developed for the court to address those issues here. However, one of the reasons the record hasn't been fully developed is because we don't know why trial counsel may have preferred to have a transcript come in rather than the actual witness come testify. And I think that that might have been a trial strategy on trial counsel's part to limit the testimony to these three incidents that were discussed in the preliminary hearing transcript that the defendant then later pled guilty to. He pled guilty to the very offenses that were testified to in the preliminary hearing transcript. And those convictions were introduced, and the plea of guilty was introduced as Government Exhibit 1. So that might have been a trial strategy on the trial counsel's part, but we don't know because the record hasn't been fully developed as to that. Before I forget, what record development would be needed for the court to address the ineffective claim as to the statute of limitations? Your Honor, we do not know what it's hard to ascertain what trial counsel's strategy may have been. I know that they're arguing an appeal stating that that evidence would not have come in. However, the government's position is that the testimony from victim number 2 would have come in regardless under 414 or 413. So there may be a trial strategy for defense counsel to have thought, instead of not doing the statute of limitations defense, that would come in in a different manner and perhaps help him at trial. I don't know what that trial strategy would have been. Also, I do think that the statute of limitations defense isn't meritorious. And when trial counsel's ineffectiveness is readily apparent or obviously deficient, is what the courts have held is when ineffective assistance at counsel will be reviewed in direct appeal. However, here, there was no meritorious defense. Regardless of what counsel is now arguing, Section 3299 specifically states that the minor limitation is only to kidnapping under 1201 and then goes on to state, any felony offense for the rest of the offenses that are listed. Furthermore, I know that appellate counsel has argued the text of the bill and the text of the statute. When you look at the text of the bill, which added Section 3299, it states, Section 211, no limitations for prosecutions of felony sex offenses. So that is the title under the bill. Section 211, no limitations for prosecution of felony offenses. So does that establish, I was asking about what was in the public law, not necessarily about minors. That is true, Your Honor. And if you go through the course of what was enacted under that public law, there are many other statutes that were either modified or changed that had nothing to do with minors. And as quite common, oftentimes, when laws are passed, it's not necessarily limited to what's in the major title of the bill. Sometimes other statutes and other areas are either amended or new statutes are created that may not directly deal with. And I think in this specific incident, even though it was enacted as part of the Adam Walsh Child Protection and Safety Act, once again, if you look at the text of all of the statutes that were amended, it wasn't just limited to statutes dealing with minors and dealing with the Adam Walsh Protection Act. But once again, the public law, Section 211 specifically, stated no limitation for prosecution of felony sex offense. I'd like to just briefly go back, if Your Honor does not have any more questions on that issue, just the preliminary hearing going to the second issue. I think unavailability was conceded to by the defendant at trial, and so I do not think that any of the ineffective assistance of the counsel has been fully developed there as to why he would not have perhaps objected to that. The defense counsel also never objected to the introduction of the preliminary hearing transcript on confrontation grounds. The only objections trial counsel made had to deal with its admissibility under 413 and 414, which were dealt with quite heavily by the district court prior to determining what would be admissible. And prior to the preliminary transcript being admitted, district court had already ruled that the matters by which this witness would testify was admissible under 413 and 414, and he was going to allow that. He was also going to, as the record demonstrates, allow a much broader questioning of this witness outside of what was contained in the preliminary hearing transcript. And he had ruled that the other prior acts of sexual abuse she had suffered from this defendant in other counties in Kansas, and what had also occurred when she had crossed state lines into, I believe, Iowa, were also going to be admissible. However, the preliminary hearing transcript did limit it to this specific three instances which the defendant had pled guilty to. So I think the second issue then is the prior opportunity and similar motive for cross-examination. I think when you look at the record in this particular case, the defendant did have a prior opportunity for cross-examination, and it was a meaningful opportunity. This defendant was represented by counsel at the preliminary hearing. The witness was sworn in under oath, and the prior preliminary hearing was recorded and transcribed. The matters about which this witness would have testified, those three sexual assault acts of which the defendant pled guilty to, is what she would have testified to, and that is what the counsel would have had an opportunity to cross-examine her about had she been present at trial. But I think the preliminary hearing transcript shows that the defendant's counsel, who represented him at the preliminary hearing, did cross-examine the witness. The attorney at that time did go into prior inconsistencies in her statement and questioned her, I think, quite rigorously in regards to her motive to lie, dealing with the fact that her sister, who was the defendant's wife at that time, was going through a divorce. So I do think that her prior testimony satisfies both the confrontation clause and what was required under Rule 804b.1. If there are no questions further on that, Your Honors, I will now move to one of the other points that was raised, which is dealing with the testimony from the ex-wife regarding what the two women, or the woman and the little girl in India, had told her. I think the crux of what this goes to is that what the women in India related to her that she testified to was not admitted for the truth of the matter asserted. No matter how much appellate counsel may stress that, that's not what the records show. It was quite clear, and the district court gave a limiting instruction, that those statements were only introduced to give context to the defendant's admission. The defendant's admissions are admissible, and the district court gave that limiting instruction after the witness had testified to those matters and told the jury that those statements were not to be admissible for the truth of the matter asserted or were only going to give context as to why the defendant had made these admissions to his wife. The government did not argue what the two women in India stated as the truth of the matter asserted, as the record clearly demonstrates what the government continued to argue at trial for the defendant's own admission, and that was admissible. The defendant's admissions to his ex-wife that he had raped the woman multiple times and that he had molested the small child, those statements were admissible against the defendant because they were his own statement. Secondly, the defense at that time also never objected to these statements coming in on confrontation grounds either. During the course of the trial, once again, defense counsel did object to these statements coming in under Rule 413 and 414, but never made an objection at trial as to any kind of violation of the confrontation clause. Just briefly, there are a few more issues that I have not touched upon that I would like to bring up. Going through the claims for passion and prejudice, there were multiple issues that were brought up in regards to challenges to a statement in the opening statement of the government, two statements that were in the closing argument, and I believe three questions that were posed to witnesses. I think the government's brief adequately addresses those, but none of those statements were ever objected to at trial by trial counsel. The trial court judge gave a limiting instruction in two of those circumstances, and I do not believe that any of those remarks can be shown that they were intended to inflame prejudice or passions of the jury, nor were they prosecutorial misconduct. The last issue I would like to briefly just go over with the court is the defendant's last issue as to compelling Thomas Johnson to testify. The first issue is the defendant has alleged that this violated his right to compulsory process. One, Thomas Johnson stated on the record during an offer of proof that he was going to invoke his Fifth Amendment right to remain silent. His defense counsel was present and informed the district court that because his case was still pending and issues regarding what he might have admitted to might arise during the cross-examination or direct examination, he would be asserting his Fifth Amendment. The defendant has alleged that he would have testified for sure that he never heard the defendant make his admissions to the witness, Ricky Ball, who testified as the government's witness as to the fact that the defendant had admitted to him while they shared a cell together that he had committed these acts. However, there was never an offer of proof. In fact, as the record demonstrates, trial counsel specifically told the district court judge that he had never spoken with this witness before, and there was never a request to put an offer of proof on as to what Thomas Johnson would have even testified to. The first, it's not even clear that he would have had any probative matter to testify to for the jury. And secondly, he did state that he was going to assert his Fifth Amendment right. So on that issue, would you have us proceed? I mean, is the government's view that prejudice is the way to go, or is it that there's no plain error to begin with? Your Honor, we would argue that there is no plain error to begin with. In that particular case, the defendant got the relief that he was requesting. Trial counsel asked for an offer of proof as to whether or not he was going to assert his Fifth Amendment right to testify. The witness took the stance that that was indeed what he was going to attempt to do. His counsel also made a record with the trial court. After that, the district court asked trial counsel, are you requesting any further relief? Trial counsel said outside of that, no. So he received exactly the relief that he wanted. And so we would argue that there was no error in that particular situation. At this time, Your Honors, I believe I just have one minute left. There are not any further questions, Your Honor. We would ask that the conviction be approved. Thank you. Thank you, Ms. Miller. Ms. Schroep, your rebuttal? Briefly, I only have one minute, Your Honors. As to Mr. Johnson, the last thing, while he said he was going to invoke the Fifth, precedent makes clear you can't just say those. There has to be a real chance that you're going to incriminate yourself. And it is my understanding from reading the record, he was being called simply to refute whether Mr. Ralston made admissions to Mr. Ball. He wasn't being called to testify at all about the charges against him. He wasn't being called to testify about anything he allegedly did. The only thing that would come out is, yes, he was in jail with Mr. Ralston. And so that's not a real chance of incriminating yourself. Could the government have cross-examined him, though, and tried to undermine his credibility by asking about illegal acts he may have committed that they knew about? I mean, the courts are allowed to limit cross-examination and these sorts of things. And the trial court even acknowledged that it probably could limit the cross-examination. The whole colloquy back and forth, the trial court even admitted he didn't know how this really was a real chance of. And so to allow him to invoke the Fifth, then deprive my client of his right to call witnesses against him, witnesses on his behalf. What would Johnson's testimony have established in the defendant's favor? Well, the government relied pretty heavily and argued in closing that he made these admissions to Ricky Ball in prison, that he did the stuff in count one, but he was going to have people fake an alibi for him. And Mr. Johnson was going to come and say, I was in that cell with them all the time, and that never happened. How do we know he was going to say that? Well, that's what trial counsel, and I was looking for the record site, but I couldn't find it that quickly. But that's what I believe trial counsel said that the intent was to call him. Trial counsel even called another cellmate to testify to something similar. So it was a proffer by the attorney? Right, and we couldn't do a proffer with Mr. Johnson because Mr. Johnson was invoking the Fifth. You can't then put him on the stand, and he's invoking the Fifth. That's the whole point of invoking the Fifth. I see I'm out of time, but I'm happy to answer any other questions you all have. I see none. Thank you. The court thanks both counsel for the arguments you provided to the court in helping us understand the issues in this case. We will take the case under advisement and render decisions prompt as possible. Thank you.